IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORNUCOPIA INSTITUTE<br>901 Platt Street<br>Eau Claire, WI  54703<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>           Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 16-106<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1.  Plaintiff The Cornucopia Institute ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of Agriculture ("USDA") in failing to provide Plaintiff with all non-exempt records responsive to its June 2, 2015 FOIA request sent to this federal agency, seeking records regarding the applicants for four USDA National Organic Standards Board positions.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, The Cornucopia Institute, is an 501(c)(3) organization that, at all times relevant herein, has its primary administrative office in Eau Claire, Wisconsin.

5. Defendant United States Department of Agriculture is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about June 2, 2015, Plaintiff sent a FOIA request to the United States Department of Agriculture ("USDA"), seeking records related to the names and

background information of the individuals who have applied for four vacancies open on the USDA's National Organic Standards Board (NOSB), that were noticed by the USDA on April 8, 2015.

14. On or about June 11, 2015, Plaintiff received notice of receipt of its FOIA request from the USDA, which also indicated that the agency had assigned this FOIA request tracking number 2015-AMS-03997-F.

15. On or about July 6, 2015, Plaintiff sent an email to USDA asking if the June 2, 2015 FOIA request with tracking number 2015-AMS-03997-F could be modified without a new FOIA application.

16. On or about July 6, 2015, Joseph Tangredi Legislative and Regulatory Review Staff, Agricultural Marketing Service of the US Department of Agriculture responded that the 2015-AMS-03997-F FOIA request could be amended without a new FOIA request so long as Plaintiff sent a letter stating that it was amending its FOIA request.

17. On or about July 6, 2015, Plaintiff emailed to Defendant an amendment to its June 2, 2015 FOIA request to also include all applicants who had submitted their applications between June 2, 2015 and the closing date of the application period.

18. On or about July 7, 2015, Joseph Tangredi from USDA emailed plaintiff acknowledging and confirming receipt of Plaintiff's amended FOIA request language.

19. On or about August 11, 2015, Joseph Tangredi from USDA emailed Plaintiff that documents for request 2015-AMS-03997-F had been located, and that a page count would be provided later that week.

20. On or about October 7, 2015, Plaintiff emailed Defendant requesting the status of Plaintiffs June 2, 2015 FOIA request number 2015-AMS-03997-F.

21. On or about October 7, 2015, Joseph Tangredi from USDA emailed Plaintiff that the Defendant was in the process of retrieving responsive records.

22. On or about December 18, 2015, Plaintiff emailed Defendant, requesting a status update on its June 2, 2015 FOIA request.

23. As of the date of the filing of this action, Plaintiff has not received a final response, nor any responsive records from the USDA to its June 2, 2015 FOIA request to that agency.

### VII. CLAIM: USDA VIOLATION OF FOIA

24. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 23 previously set forth herein.

25. Defendant USDA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its June 2, 2015 FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive record to its

June 2, 2015 FOIA request as described above, and by failing to perform an adequate search for responsive records, Defendant USDA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

27.  Unless enjoined by this Court, Defendant USDA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

28.  Plaintiff is directly and adversely affected and aggrieved by Defendant USDA's failure to provide responsive records to its FOIA request described above.

29.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII.  REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant USDA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its June 2, 2015 FOIA request.

2.  Declare Defendant USDA has violated FOIA by failing to complete an adequate search for records responsive to its June 2, 2015 FOIA request.

3.  Direct by injunction that USDA perform an adequate search for responsive records to Plaintiffs' June 2, 2015 FOIA request, provide Plaintiff with all non-exempt responsive records to Plaintiffs' June 2, 2015 FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 20th day of January, 2016.

Respectfully submitted,

/S/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**